**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03449 ODW (AJWx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | *Davis, et. al. v. Bonanno, et. al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**    **Order GRANTING Plaintiffs'** *Ex Parte* **Application [Docket #71]**

This matter is before the Court on Plaintiffs BJ Davis, Julia Davis, Beau Davis and Eva Choina's (collectively, "Plaintiffs") *Ex Parte* Application for an Order Dismissing Case Without Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) [Docket #71], filed on August 25, 2008. The Court has read and considered the moving, opposition, and reply documents submitted in connection with the instant Application,[1] and for the following reasons, Plaintiffs' Application is hereby GRANTED.

**I.    FACTUAL BACKGROUND**

On March 28, 2008, Plaintiffs filed their complaint in Los Angeles Superior Court against Defendants Estate of Salvatore Bonanno, Anthony Tarantola, Michael Paloma, Phil Amato, Jonathan Dimock, Harkins Sedona Cinema, and Noel Kendall (collectively, "Defendants") for intentional interference with economic advantage, fraud, constructive trust, intentional infliction of emotional distress, trade libel and libel per se. Defendants removed the action to this Court on May 27, 2008. Unless otherwise indicated, the

---

[1] While an *ex parte* application may not be the most appropriate method requesting such relief, the Court will construe Plaintiffs' application as a noticed motion. Indeed, Defendants have filed an opposition to which Plaintiffs have replied, all in a manner similar to the normal, motion filing procedure. The Court also deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03449 ODW (AJWx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | *Davis, et. al. v. Bonanno, et. al.* | | |

following facts are culled from Plaintiffs' Complaint.

In 2003, Plaintiff BJ Davis ("BJ") created and incorporated the production company, Beverly Hills Film Studios, Inc. ("BHFS"). BHFS entered into agreements with other companies ,whereby BHFS would produce the feature film "Forget About It," from a screenplay by Plaintiff Julia Davis. While attending an industry event, BJ encountered Defendant Paloma, who agreed to secure private film financing.

BJ opened a bank account for BHFS with Defendant Paloma's private contacts as joint signatories. These contacts began depositing funds into BHFS' bank account for pre-production expenses in late 2003. Filming of "Forget About It" was completed in early 2004 for the total cost of $2,700,000.

During filming, BJ discovered that Defendant Paloma lied about the "private funding" and that the film was actually the subject of a "pink sheet" penny stock scam, with a total alleged "private investment" of $4,000,000 by Defendants Bonanno and Tarantola. During this time frame, Defendants Bonanno, Tarantola, and Paloma extorted a 50% interest in the film, 50% ownership of BHFS, and 10% of BJ's earnings in perpetuity, as well as $500,000 in cash from BHFS. Eventually, Defendants Bonnano and Tarantola's demands grew, with Defendant Bonanno demanding a role in the film and $60,000 for one day's work. When refused by BJ, Defendant Bonanno arranged to have filming shutdown for one day. Furthermore, Defendants Tarantola and Amato gave themselves credits without having the appropriate roles in the film.

Plaintiffs allege that Defendant Dimock was part of the overall scheme under Bonanno, Tarantola, and Paloma. Dimock created a PR account under the imaginary film critic "Chuck Banks." Under this persona, Dimock paid for press releases fraudulently reviewing the film. These fictitious reviews contained false and fraudulent statements.

Throughout the course of the above events, Plaintiffs experienced "extortion-like" tactics from Defendants. On multiple occasions, Defendants Bonanno, Tarantola, and Paloma threatened Plaintiffs via telephone messages, overt threats, physical assaults and intimidation. Professionally, almost immediately after the film was complete in June 2004, Defendant Paloma removed BJ from his position as the sole controlling individual of BHFS by using a phantom board comprised of known organized crime figures

**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03449 ODW (AJWx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | *Davis, et. al. v. Bonanno, et. al.* | | |

engaged in penny-stock scams. Defendants then slandered BJ and Julia Davis through various media outlets to justify their take over of BHFS. BHFS eventually became Big Screen Entertainment Group, but in a final pillaging move, Defendants seized possession of the film "Forget About It."

Once in possession, Defendants galvanized the film by re-editing, re-shooting and re-writing aspects of it. Defendants also pitched the re-edited film to Defendant Kendall of Defendant Harkins Sedona Cinema for distribution. After striking an agreement with the other Defendants, and in the face of Plaintiffs' opposition, Defendants Kendall and Harkins Sedona Cinema released and exhibited the Defendants' version of the film. This version received horrific reviews. After some time, Plaintiffs obtained restraining orders against Defendants and halted further distribution of the film.

## II.   LEGAL STANDARD

Plaintiffs now seek a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). That rule provides that when a defendant has filed an answer, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. Fed.R.Civ.P. 41(a)(1)-(2).

"[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court. . . ." *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1390 (9th Cir.1986). In considering a motion for voluntary dismissal, the Court must "consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir.2001). In addition, a court may find plain legal prejudice where significant discovery or pretrial preparations have taken place. *See Kern Oil*, 792 F.2d at 1390 (upholding denial of motion for voluntary dismissal where court concluded plaintiff was forum shopping and significant activity in case had taken place). The Ninth Circuit also has made clear that "[p]lain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03449 ODW (AJWx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | *Davis, et. al. v. Bonanno, et. al.* | | |

## III.  DISCUSSION

Plaintiffs seek to voluntarily dismiss this matter without prejudice because they wish to commence a federal RICO cause of action in the state of Arizona. (Appl. at 3.) Plaintiffs predicate their voluntary dismissal on the ground that Defendants will suffer no prejudice. The Court agrees.

To begin, the Court notes that this matter is still in the beginning stages of litigation. Indeed, the Court has yet to hold a Rule 16 scheduling conference. The only substantive matters to come before the Court thus far have been a motion to remand, which was (obviously) denied, and a motion to disqualify Defense Counsel, Mr. Gardiner, which was also denied. No discovery has taken place[2] and no dispositive motion has been considered. These reasons alone distinguish this case from *Kern Oil*, where the party seeking dismissal waited until after the entry of a *dispositive* ruling in favor of the opposition, *see Kern Oil*, 792 F.3d at 1390, and weigh in favor of dismissal.

Defendants' Opposition abounds with personal attacks upon Plaintiffs for forum shopping and for abusing the discovery process. As to the former, Defendants point to three cases previously filed by Plaintiffs in this District. One case, a copyright infringement matter, was voluntarily dismissed by Plaintiffs without prejudice. The other two cases involved claims similar to those raised in the instant matter and were filed against Big Screen Entertainment (successor to BHFS) and some of the same Defendants named herein. The parties entered into a settlement agreement, however, and Judge A. Howard Matz dismissed those two cases with prejudice.[3] As to the latter, alleged discovery abuse, Defendants continue to assert that Plaintiffs prematurely issued 116 subpoenas to third parties and accuse Plaintiffs of only partially complying with two Court orders to turn over to Defendants any documents received.

The Court finds none of the above accusations relevant to the question of whether

---

[2] As discussed more fully below, the Court is aware of the alleged 116 subpoenas issued by Plaintiffs.

[3] There is a dispute as to whether some of the Defendants in the instant case are bound by this settlement agreement.

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03449 ODW (AJWx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | *Davis, et. al. v. Bonanno, et. al.* | | |

Defendants would suffer "plain legal prejudice." First, while *blatant* forum shopping may constitute grounds to deny a Rule 41(a)(2) motion, *Kern Oil*, 792 F.3d at 1389-90, Defendants have not demonstrated that to be the case here and the Court will not draw an inference based upon the dismissals of Plaintiffs' previous cases. The only case voluntarily dismissed by Plaintiffs involved claims of copyright infringement–claims different than those asserted here. The other cases, albeit similar to the underlying matter, were dismissed by Judge Matz, not Plaintiffs, pursuant to a settlement agreement. And to the extent Defendants rely upon Judge Schiavelli's statement, "it appears the true reason Plaintiffs filed the present Motion is an attempt to forum shop," (Opp'n at 2), the Court is again unconvinced. Judge Schiavelli's opinion was formed in response to one of Plaintiffs' numerous motions to disqualify Judge Matz in the cases they had before him. While an inference could made as to Plaintiffs proclivity to "judge shop," this Court will not go so far as to say that their tactics amount to blatant forum shopping. Perhaps had Plaintiffs filed a motion to disqualify the undersigned Judge in this case, Defendants' argument would be more persuasive. What remains is the simple fact that Plaintiffs now wish to pursue their case in Arizona[4] to better convenience the parties involved and because many of their claims arose there. Or perhaps Plaintiffs just view litigating in Arizona as a more advantageous forum. Either way, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976.

Second, Defendants' arguments that voluntary dismissal will be prejudicial because Plaintiffs have prematurely served 116 third party subpoenas, is unavailing. The Court is aware of its previous orders requiring Plaintiffs to provide Defendants with any documents that may have been produced pursuant to those subpoenas. Defendants claim "only a portion" of documents obtained have been turned over to Defense counsel. (Opp'n at 2.) To date, however, no motions to compel or to quash have been filed, nor has the Court been presented with evidence of any "significant portion" of documents Defendants allege are still outstanding. Thus, while Plaintiffs' counsel may have been a little over zealous in pursuing discovery, to deny Plaintiffs' Application based on

---

[4] Plaintiffs' inclination to file a new lawsuit in an Arizona *federal* court nullifies any argument Defendant could make that they are prejudiced by the loss of a federal forum.

**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03449 ODW (AJWx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | *Davis, et. al. v. Bonanno, et. al.* | | |

Defendants' self-serving statements of non-compliance would be more prejudicial to Plaintiffs than granting it would be to Defendants.

     Finally, Defendants argue that filing this case in Arizona and naming Defense counsel as defendants therein would "wrongfully deprive Defendants of counsel of their own choice, while depriving counsel of the protections of California law." (Opp'n at 9.) As to any alleged unlawful deprivation of counsel, the Court finds none. Plaintiffs are entitled to bring a lawsuit against any person alleged to have committed a wrong against them. Indeed, Plaintiffs have already indicated their intent to seek an amendment of their complaint to add Defense counsel as defendants in this case. Defense counsel will have the same opportunity to dismiss themselves from any complaint filed in Arizona as they would have had the opportunity to oppose any motion to amend a complaint here. *Cf. Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996) ("a district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery . . . and adequately defend themselves. . . .") At the very best, moreover, Plaintiffs' choice is more akin to a tactical maneuver than it is to "plain legal prejudice," and as noted above, is insufficient to mandate denial of Plaintiffs' request.

     With respect to any deprivation of the protections of California law, the Court notes that Defendants are referring to protections provided by California's Anti-"SLAPP" statutes. *See* Cal. Code Civ. Proc. §425.16. Arizona, however, provides similar protections against SLAPP (Strategic Litigation Against Public Participation) lawsuits, thereby obviating the prejudice to any legal argument or claim Defendants may choose to make. *See* Ariz. Rev. Stat. §12-751 et seq. For this reason and all of the others previously discussed, Defendants cannot make the requisite showing of "plain legal prejudice" to avoid voluntary dismissal.

     As an alternative argument, n the event the Court grants Plaintiffs' application (as it does), Defendants contend they are entitled to recover their costs and attorneys' fees. "While the Court has the power to issue such an award, that power is circumscribed by the general rule that 'a defendant is entitled only to recover, as a condition of dismissal under Fed. R. Civ. P. 41(a)(2), attorneys fees or costs for work which is *not useful in continuing litigation between the parties.*'" *Tur v. YouTube, Inc.*, 2007 WL 4947615 at

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-03449 ODW (AJWx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | *Davis, et. al. v. Bonanno, et. al.* | | |

*4 (C.D. Cal. Oct. 19, 2007) (quoting *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (emphasis added)).  In light of this standard, Defendants' request is denied.  As a threshold matter, Defendants have failed to submit any time records or billing invoices of those attorneys who have worked on this case.  Without those, the Court cannot possibly discern what a reasonable fee would be.  Moreover, Defendants have made no claim that any of the work they have done thus far would be "non-transferable" to any future litigation.  To the contrary, to the extent there has been any, it appears that the vast majority of the work done would be useful and applicable such that an award of costs and fees is unnecessary.  *See Tur*, 2007 WL 4947615 at *5.

## IV. CONCLUSION

For the foregoing reasons, the Court exercises its discretion and GRANTS Plaintiffs' *ex parte* application to voluntarily dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).  This action is hereby DISMISSED, without prejudice and without costs or fees to Defendants.

**IT IS SO ORDERED.**

---- : 00

Initials of Preparer    RGN